IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAN PATRICK MCCAUL,<br><br>Plaintiff,<br><br>vs.<br><br>BERT BARTLE, JENNIFER HEBER, OPPORTUNITY BANK OF AMERICA, ABC CORPORATIONS 1-5, DOES 1-5<br><br>Defendants. | CV 26-76-BU-KSL<br><br>MEMORANDUM OPINION AND ORDER |

## I. Background

Pro se plaintiff Dan Patrick McCaul brought an action against Defendants in state court on July 1, 2026. (Doc. 4). Defendants filed a notice of removal on July 30, 2026. (Doc. 1). Defendants filed a motion to dismiss on July 31, 2026. (Doc. 5). McCaul filed a motion to remand on August 7, 2026. (Doc. 12). That same day, McCaul filed a motion to change venue. (Doc. 13). On August 17, 2026, McCaul filed a motion for an order compelling arbitration. (Doc. 17). On August 20, 2026, McCaul filed a motion for leave to file an amended complaint. (Doc. 22). On September 3, 2026, Defendants filed a response to McCaul's motion for leave to amend

his complaint. (Doc. 30). On September 8, 2026, McCaul filed a "consolidated filing" containing, among other things, a corrected motion for leave to amend his complaint. (Doc. 32). The Court denies McCaul's motions to remand, transfer venue, and compel arbitration. The Court grants McCaul's motion for leave to amend his complaint. The Court accepts McCaul's proposed amended complaint (Doc. 32-2) as the operative complaint. The Court denies Defendants' motion to dismiss the original complaint as moot. (Doc. 5).

## II. Motion to Remand

### A. Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. §1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

**B. Analysis**

This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because McCaul's complaint relies on federal law in his allegations referencing federal statutes and protections such as Sarbanes-Oxley, Dodd-Frank, and 18 U.S.C. §1513(e). (Doc. 4 at 3). McCaul's complaint also alleges retaliation under "federal whistleblower statutes," "actionable retaliation, obstruction, and credit impairment under Montana and federal law," and "lender-in-control violations under Montana and federal law." (*See id.* at 5-7). Because McCaul raises federal claims in his complaint, "removal is at the defendant's option." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). This Court has subject matter jurisdiction under 28 U.S.C. §1331.

McCaul asserts that remand is proper because of an alleged procedural defect in the Notice of Removal, but neither the law nor the facts support remand. 28 U.S.C. §1446(d) requires "prompt[]" notice to the adverse parties and the state court that the action has been removed to federal court. Defendants filed a Notice of Removal on July 30, 2026. (Doc. 1). While Defendants provided evidence that they contacted McCaul on July 31, 2026, the parties agree that McCaul was notified no later than August 1, 2026 (Docs. 12-2 at 1, 18-3 at 1). This notice satisfies 28 U.S.C. §1446. Removal was proper in the first instance based on the federal claims raised in

McCaul's complaint, and this Court finds no procedural defect in the removal that would justify remand. The Court denies McCaul's motion to remand. (Doc. 12).

## III. Motion to Change Venue

### A. Legal Standard

Under 28 U.S.C. §1404(a), a district court can transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice," if the plaintiff could have brought the action in the transferee district, or if all parties have consented to the transferee district. 28 U.S.C. §1404(a). The statute allows transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The party moving for transfer of venue has the burden of showing that transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

### B. Analysis

McCaul requests "transferring venue to ensure impartial adjudication and to prevent further prejudice arising from Defense Counsel Murry Warhank's derogatory and defamatory statements." (Doc. 13 at 2). Specifically, McCaul asserts that defense counsel's email attaching Defendants' motion to dismiss, combined with defense counsel's alleged "earlier failure to serve Plaintiff with the Notice of Removal and failure to disclose the Motion to Dismiss, reflects a pattern of conduct that has already influenced how Plaintiff is perceived by both Judge Breuner and

Judge Cavan." (*Id.* at 2-3). Disapproval of the opposing counsel's tactics is not grounds for transfer. McCaul has failed to identify an alternative district. Defendants have not consented to another district. 28 U.S.C. §1404. And McCaul has failed to show that such a transfer would be more convenient for the parties or the witnesses or in the interest of justice. *Id.* The Court denies McCaul's motion to transfer. (Doc. 13).

## IV. Motions to Compel Arbitration

### A. Legal Standard

The Federal Arbitration Act provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. The Federal Arbitration Act places arbitration agreements "on an equal footing with other contracts." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). At the same time, "arbitration is a matter of contract," and a party generally cannot be required to arbitrate a dispute that the party has not agreed to submit to arbitration. *Id.*; *Hotel and Restaurant Emp. and Bartenders Intern. Union, AFL-CIO v. Michelson's Food Servs., Inc.*, 545 F.2d 1248, 1251 (9th Cir. 1976).

Under the Federal Arbitration Act, a party seeking to compel arbitration can petition the district court for an order directing the parties to proceed to arbitration in accordance with their agreement. 9 U.S.C. §4. The Court must determine whether

a valid agreement to arbitrate exists and, if so, whether the agreement encompasses the dispute at issue. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126-27 (9th Cir. 2013). If these conditions are satisfied, the Federal Arbitration Act generally requires the Court to enforce the arbitration agreement according to its terms. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

The party seeking to compel arbitration bears the burden of establishing the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). In deciding whether the parties agreed to arbitrate, courts apply ordinary state-law principles governing contract formation. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

**B. Analysis**

McCaul has provided no evidence of any agreement to arbitrate. His motion states that the home equity line of credit agreement, promissory note, and real estate disclosure forms executed between him and Defendant contain language requiring that "[a]ny dispute arising out of or relating to this Agreement shall be resolved exclusively by binding arbitration." (Doc. 17 at 5). McCaul did not provide any support for this claim. Nor did he attach the home equity line of credit agreement, the promissory note, or any real estate disclosure form. Because the Court does not find by a preponderance of the evidence that an agreement to arbitrate exists, the Court denies

McCaul's motion to compel arbitration, as well as his "revised and unopposed combined motion compelling arbitration and short brief in support." (Docs. 17, 29).

McCaul purports to file a "renew[ed]" motion to compel arbitration in Document 32, but he then states that he is "reply[ing] to Defendants' opposition to arbitration." (Doc. 32 at 2). McCaul then proceeds to present additional argument to the Court about his original motion to compel arbitration before, again, moving "to compel arbitration." (*Id.* at 2-7). Given the arguments contained in the brief and the discussion of Defendants' arbitration response, the Court construes McCaul's brief as an additional reply brief rather than a renewed motion. But to the extent it does present a renewed motion, the Court denies this motion (Doc. 32 at Section III) for the same reasons stated above—he has not shown by a preponderance of the evidence that an arbitration agreement exists.

## V. Motion for Leave to File Amended Complaint

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party can amend its pleading once as a matter of course within the time periods specified by Rule 15(a)(1). This means amending a pleading within 21 days after serving it or 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A)-(B). In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." *Id.*

The Ninth Circuit has emphasized that courts should apply Rule 15(a)(2)'s policy favoring amendment with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether leave to amend is appropriate, courts consider various factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Because Rule 15(a)(2) embodies a strong policy favoring resolution of claims on their merits, a court should ordinarily grant leave where the plaintiff can cure deficiencies through amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1130-31 (9th Cir. 2000). Courts must construe pro se filings liberally and afford pro se litigants an opportunity to amend where a pleading's deficiencies can be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). "Unless it is absolutely clear that no amendment can cure the defect," a court should give a pro se litigant the opportunity to amend before an action is dismissed for failure to state a claim. *Id.*

Because "an amended pleading supersedes the original pleading." *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019), a motion to dismiss the original pleading

becomes moot once a court grants leave to amend. *See Thornton v. Flathead Cnty.*, No. CV 25-83-M-DWM, 2025 WL 2897834, at *3 (D. Mont. Oct. 10, 2025).

Federal district courts may set additional requirements beyond what is required to amend a pleading in the federal rules. In the District of Montana, the local rules dictate that a party moving for leave to amend must attach the proposed amended pleading to the motion as an exhibit. D. Mont. L.R. 15.1.

**B. Analysis**

McCaul filed his initial motion for leave to amend within 21 days of Defendants serving their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 5, 22). Because McCaul sought to amend his complaint within the time allowed for amendments as a matter of course under Federal Rule of Civil Procedure 15(a), a motion for leave was unnecessary. But given that McCaul did not file a copy of his amended complaint until September 8, 2026 (Doc. 32-2) with his renewed motion for leave to amend, the Court will address—and grant—McCaul's renewed motion.

Although McCaul failed to attach a proposed amended complaint to his initial motion to amend his complaint, he has since attempted to cure that procedural defect by filing a renewed motion to which he attached a proposed amended complaint. (Docs. 22, 30, 32-2). Because McCaul fixed the error when he attached the proposed amended complaint to his renewed motion (Doc. 32-2), the Court will not deny

McCaul's renewed motion for leave to amend on the grounds that he failed to comply with the District of Montana Local Rules.

In addition, Federal Rule of Civil Procedure 15(a)(2)'s policy of freely granting leave to amend applies with full force here, particularly given McCaul's status as a pro se litigant. Granting leave to amend would not cause undue delay. The Court finds no evidence of bad faith or dilatory motive on McCaul's part, or of any undue prejudice to Defendants that would result from granting leave to amend. There would be no "repeated failure to cure deficiencies by previous amendments," as this would be McCaul's first amendment. Defendants' arguments that McCaul's proposed amendments are futile are better suited for a motion to dismiss.

The Court denies McCaul's original motion for leave to amend his complaint as unnecessary under Rule 15(a), grants McCaul's renewed motion as properly complying with the Local Rules (Doc. 32 at Section IV), and accepts McCaul's proposed amended complaint filed at Docket Entry 32-2 as the operative complaint in this case. Because "an amended pleading supersedes the original pleading," *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019), Defendants' motion to dismiss (Doc. 5) is now moot.

## VI. Notice to the Parties

In the District of Montana, all parties must follow the same rules and procedures. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). This includes the

Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Procedure for the District of Montana. Local Rule 7.1 identifies that each motion, if opposed, must be accompanied by a brief in support that is filed separately from the motion itself. The responding party is permitted a single response brief. And the moving party is permitted a single reply brief. The Court will not permit any further briefing without prior leave of the Court.

The Court further notes that this case has a high number of filings in the six weeks since this case was removed to federal court. The parties are on notice that incessant filings will result in a Court order prohibiting the offending party from filing any motion without prior leave to do so.

## VII. Conclusion

The Court orders the following:

1. Because federal question jurisdiction exists, the Court **DENIES** McCaul's motion to remand. (Doc. 12).
2. Because McCaul failed to show why transfer would be appropriate or to identify a particular transferee district, and because the Court does not find that transfer would be in the interest of justice, the Court **DENIES** McCaul's motion to transfer venue. (Doc. 13).
3. Because McCaul failed to show by a preponderance of the evidence that an arbitration agreement exists, the Court **DENIES** McCaul's motions to compel

arbitration. (Docs. 17, 29). For the same reason, the Court **DENIES** McCaul's "consolidated filing" to the extent it presents a renewed motion to compel arbitration. (Doc. 32 at Section III).

4. Because McCaul's original motion for leave to amend was unnecessary, the Court **DENIES** that motion. (Doc. 22). Because of the policy favoring granting amendment, especially with respect to pro se litigants, the Court **GRANTS** his renewed motion for leave to amend (Doc. 32 at Section IV). The Clerk is directed to file Document 32-2 as the Amended Complaint on the docket.

5. With respect to McCaul's "consolidated filing" (Doc. 32), the Court **GRANTS IN PART** and **DENIES IN PART** the motions contained therein. As explained above, the Court **GRANTS** McCaul's motion to the extent he moves for leave to file an amended complaint. (Doc. 32 at Section IV). The Court accepts McCaul's proposed amended complaint (Doc. 32-2) as the operative complaint in this case. But the Court **DENIES** McCaul's "consolidated filing" (Doc. 32) to the extent he addresses arbitration in that filing for the reasons explained above. (Doc. 32 at Section III). IT IS SO ORDERED.

6. IT IS FURTHER ORDERED that Defendants are not required to respond to any of McCaul's pro se motions absent an explicit directive to do so from the

Court. At this time, Defendants are directed to respond to McCaul's motion for a temporary restraining order and injunctive relief. (Doc. 37).

7. IT IS FURTHER ORDERED that Mr. McCaul is not to file any documents that are not motions or briefs permitted by the Local Rules of Procedure for the District of Montana. Any motions or briefs not filed consistent with the Local Rules will be stricken from the docket.

DATED this 16th day of September, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge