IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAN PATRICK MCCAUL,<br><br>Plaintiff,<br><br>vs.<br><br>BERT BARTLE, JENNIFER HEBER, OPPORTUNITY BANK OF AMERICA, ABC CORPORATIONS 1-5, DOES 1-5<br><br>Defendants. | CV 26-76-BU-KSL<br><br>ORDER |

## I. Background

Defendants move to strike pro se plaintiff McCaul's Rebuttal to Defendants' Motion to Dismiss (Doc. 25), Affidavit of McCaul (Doc. 26), and Fact-Based Counter-Narrative (Doc. 27). (Doc. 34). Defendants also move to strike McCaul's Rebuttal (Response) to Defendants' Motion to Dismiss and Opposition to Defendants' Motion (Response) to Deny Leave to Amend (Doc. 31) and McCaul's Consolidated Filing (Doc. 32) to the extent these filings reargue the motion to dismiss, motion to compel arbitration, or motion for leave to amend. (Docs. 34, 35). McCaul filed an opposition to Defendants' "delay, deny, defend and dispute tactics" in response.

(Doc. 39). The Court grants Defendants' motion to strike with respect to Documents 25, 26, and 27. The Court grants in part Defendants' motion to strike Document 31 to the extent it addresses the motion to dismiss in Sections II, IV, and V. The Court denies in part Defendants' motion to strike Document 31 to the extent it addresses the motion for leave to amend in Section III. The Court grants in part Defendants' motion to strike Document 32 to the extent it addresses the motion to dismiss in Sections VI, VII, and VIII. The Court denies in part Defendants' motion to strike Document 32 to the extent it addresses the motion for leave to amend in Section IV.

## II. McCaul's Rebuttal to Defendants' Motion to Dismiss (Doc. 25)

Defendants move to strike McCaul's Rebuttal to Defendants' Motion to Dismiss (Doc. 25) on the grounds that McCaul filed this document after briefing closed, in violation of District of Montana Local Rule 7.1. Defendants filed a motion to dismiss. (Doc. 5). McCaul filed a response to Defendants' motion to dismiss. (Doc. 11). Defendants filed a reply to McCaul's response. (Doc. 20). McCaul filed a rebuttal to Defendants' motion to dismiss. (Doc. 25). The District of Montana permits only a single response brief and a single reply brief. D. Mont. L.R. 7.1. "No further briefing is permitted without prior leave." *Id.* Because McCaul's Rebuttal to Defendants' Motion to Dismiss (Doc. 25) violates the rules of this District, the Court grants Defendants' motion to strike Document 25.

## III. Affidavit of McCaul (Doc. 26)

Defendants move to strike McCaul's Affidavit (Doc. 26) on the grounds that McCaul filed this document after briefing closed, in violation of District of Montana Local Rule 7.1. Defendants filed a motion to dismiss. (Doc. 5). McCaul filed a response to Defendants' motion to dismiss. (Doc. 11). Defendants filed a reply to McCaul's response. (Doc. 20). McCaul then filed an Affidavit "in Support of Opposition to Defendants' Motion to Dismiss." (Doc. 26). McCaul's "Affidavit" is just further argument about Defendants' motion to dismiss and disagreement with Defendants' factual narrative. Accordingly, it constitutes an improper brief in violation of Local Rule 7.1, which limits McCaul to a single response brief. Moreover, a "court cannot, without converting the proceedings into a motion for summary judgment, consider [a] Plaintiff's Affidavit as evidence in opposition to [a] Motion to Dismiss." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). The Court grants Defendants' motion to strike Document 26.

## IV. McCaul's Fact-Based Counter-Narrative (Doc. 27)

Defendants move to strike McCaul's Fact-Based Counter-Narrative (Doc. 27) on the grounds that McCaul filed this document after briefing closed, in violation of District of Montana Local Rule 7.1. Defendants filed a motion to dismiss. (Doc. 5). McCaul filed a response to Defendants' motion to dismiss. (Doc. 11). Defendants filed a reply to McCaul's response. (Doc. 20). McCaul then filed a "Fact-Based

Counter-Narrative." (Doc. 27). Like the Affidavit discussed above, McCaul's "Fact-Based Counter-Narrative" just presents further argument about Defendants' motion to dismiss and states disagreement with Defendants' factual narrative. Accordingly, it constitutes an improper brief in violation of Local Rule 7.1, which limits McCaul to a single response brief. A party is not entitled to an unlimited number of responses to a motion it opposes. The Court grants Defendants' motion to strike Document 27.

## V. McCaul's Rebuttal (Response) to Motion to Dismiss and Opposition to Motion to Deny Leave to Amend (Doc. 31)

Defendants move to strike McCaul's Rebuttal (Response) to Defendants' Motion to Dismiss and Opposition to Defendants' Motion to Deny Leave to Amend (Doc. 31) on the grounds that McCaul filed this document after briefing closed, in violation of District of Montana Local Rule 7.1. Defendants filed a motion to dismiss. (Doc. 5). McCaul filed a response to Defendants' motion to dismiss. (Doc. 11). Defendants filed a reply to McCaul's response. (Doc. 20). McCaul then filed a Rebuttal (Response) to Defendants' Motion to Dismiss and Opposition to Defendants' Motion (Response) to Deny Leave to Amend (Doc. 31). Like the Affidavit and "Fact-Based Counter-Narrative," McCaul's rebuttal at Document 31 is improper to the extent it addresses Defendants' motion to dismiss. But to the extent this rebuttal independently addresses McCaul's motion for leave to amend, the Court finds that McCaul is entitled to a reply brief to address arguments raised in Defendants' response in opposition to his motion for leave to amend (Doc. 30). The Court therefore

grants in part Defendants' motion to strike Document 31 to the extent it addresses the motion to dismiss in Sections II, IV, and V. But the Court denies in part Defendants' motion to strike Document 31 to the extent it addresses the motion for leave to amend in Section III.

## VI. McCaul's Consolidated Filing (Doc. 32)

Defendants move to strike McCaul's "consolidated filing" on the grounds that McCaul filed this document after briefing closed, in violation of District of Montana Local Rule 7.1. McCaul's "consolidated filing" includes a reply to Defendants' response to his motion to compel arbitration; a renewed motion to compel arbitration; a motion for leave to file an Amended Complaint; and additional legal and factual arguments seemingly related to Defendants' motion to dismiss. (Doc. 32 at 2). McCaul also attaches an amended complaint to this filing. (Doc. 32-2).

As an initial matter, Defendants state in their motion that they move to strike Document 32 to the extent it reargues McCaul's motion to dismiss or motion to compel arbitration. (Doc. 34). But Defendants' brief in support of their motion argues also that the Court should strike Document 32 to the extent it reargues McCaul's motion for leave to amend. (Doc. 35). Regardless of how Defendants style their briefing, the Court will address each aspect of McCaul's "consolidated filing" in turn.

First, McCaul's attempt at a surreply in support of his motion to compel arbitration violates Local Rule 7.1. (Doc. 32 at Section II). McCaul filed a motion to compel arbitration. (Doc. 17). Defendants filed a response. (Doc. 28). McCaul filed a reply. (Doc. 29). McCaul then filed a "consolidated filing," which he construed in part as a reply to Defendants' opposition to arbitration. (Doc. 32). The Court grants Defendants' motion to strike Section II of Document 32.

Second, McCaul's renewed motion to compel arbitration was denied. (Doc. 40). The Court denies Defendants' motion to strike Section III of Document 32 as moot.

Third, McCaul's motion for leave to file an amended complaint was granted, and this Court accepted McCaul's amended complaint filed at Document 32-2 as the operative complaint in this litigation. (Doc. 40). Accordingly, the Court does not strike Sections IV and V of Document 32.

Fourth, McCaul's attempt at an additional response in opposition to Defendants' motion to dismiss violates Local Rule 7.1. Defendants filed a motion to dismiss. (Doc. 5). McCaul filed a response to Defendants' motion to dismiss. (Doc. 11). Defendants filed a reply to McCaul's response. (Doc. 20). McCaul then filed this "consolidated filing." (Doc. 32). Because McCaul's factual and legal arguments contained in Sections VI, VII, and VIII of Document 32 constitute an additional

response to the motion to dismiss in violation of Local Rule 7.1, the Court grants Defendants' motion to strike Sections VI, VII, and VIII of Document 32.

## VII. Conclusion

The Court orders the following:

1. Because Documents 25, 26, and 27 violate District of Montana Local Rule 7.1, the Court **GRANTS** Defendants' Motion to Strike Documents 25, 26, and 27.
2. Because Document 31 violates District of Montana Local Rule 7.1 to the extent it addresses the motion to dismiss, the Court **GRANTS IN PART** Defendants' motion to strike Document 31 to the extent it addresses the motion to dismiss in Sections II, IV, and V.
3. Because McCaul was entitled to a reply brief to address arguments raised in Defendants' response in opposition to his motion for leave to amend, the Court **DENIES IN PART** Defendants' motion to strike Document 31 to the extent it addresses the motion for leave to amend in Section III.
4. Because Document 32 violates District of Montana Local Rule 7.1 to the extent it constitutes a surreply in support of his motion to compel arbitration and a surreply opposing Defendants' motion to dismiss, the Court **GRANTS IN PART** Defendants' motion to strike Document 32 to the extent it contains such surreplies. (Doc. 32 at Sections II, VI, VII, VIII).

5. Because the Court denied McCaul's "renewed" motion to compel arbitration, the Court **DENIES IN PART** as moot Defendants' motion to strike Document 32 to the extent it contains such a "renewed" motion. (Doc. 32 at Section III).

6. Because McCaul was entitled to a reply brief to address arguments raised in Defendants' response in opposition to his motion for leave to amend, the Court **DENIES IN PART** Defendants' motion to strike Document 32 to the extent it addresses the motion for leave to amend. (Doc. 32 at Sections IV, V).

DATED this 16th day of September, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge