IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAN PATRICK MCCAUL,<br><br>Plaintiff,<br><br>vs.<br><br>BERT BARTLE, JENNIFER HEBER, OPPORTUNITY BANK OF AMERICA, ABC CORPORATIONS 1-5, DOES 1-5<br><br>Defendants. | CV 26-76-BU-KSL<br><br>ORDER |

On September 24, 2026, pro se plaintiff Dan Patrick McCaul filed a "Motion for Scheduling Order and Short Brief in Support." (Doc. 47). That same day, McCaul filed a document titled "Affidavit of Dan Patrick McCaul Motion for Scheduling Order and Combined Brief in Support." (Doc. 48). On September 28, 2026, McCaul filed an "Affidavit of Victim and Witness Jennifer P. Shahood." (Doc. 52). McCaul's affidavit (Doc. 48) is redundant material, as it merely repeats allegations made in previous filings. Shahood's affidavit (Doc. 52) is not filed in support of any pending motion and concerns Defendants' alleged conduct toward Shahood, who is not a party to this case. District courts have the inherent authority to manage their dockets, which includes the power to strike items from the docket "to address litigation

conduct that does not warrant outright dismissal." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Moreover, this Court put the parties on notice that filings that are not permitted by the District of Montana Local Rules would be stricken from the record. (Doc. 40 at 10-11). Because one affidavit is duplicative and the other is irrelevant to the claims in this case, and because neither is a filing contemplated by the Local Rules or this Court's prior order, the Court strikes the two affidavits. (Docs. 48, 52).

On September 24, 2026, McCaul filed a "Notice to the Court Regarding Procedural History." (Doc. 49). In this "notice," McCaul states that he seeks to "ensure the Court has a clear and accurate record of the procedural history relevant to" his motion for a scheduling order, motion to compel discovery, motion for default judgment, "forthcoming Motion for Summary Judgment," and "federal Affidavit submitted in support of all pending and anticipated motions," and "requests that the Court take judicial notice of the procedural history outlined herein." (*Id.* at 4-5). The Court resolved the motion for a scheduling order (Doc. 54), and the remaining motions have not been filed. The Court construes McCaul's "notice" as a motion to take judicial notice. District courts have discretion as to whether to take judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). To the extent the procedural history of this case is relevant to any motion now pending or filed in the future, the Court will consult the docket directly. The Court denies this motion.

IT IS HEREBY ORDERED that because McCaul's "Affidavit of Dan Patrick McCaul Motion for Scheduling Order and Combined Brief in Support" (Doc. 48) and "Affidavit of Victim and Witness Jennifer P. Shahood" (Doc. 52) do not comply with the Local Rules of the District of Montana or this Court's previous order (Doc. 40), the Court **STRIKES** those documents (Docs. 48, 52) from the record.

IT IS FURTHER ORDERED that McCaul's "Notice to the Court Regarding Procedural History" (Doc. 49), which the Court construes as a motion to take judicial notice, is **DENIED**.

IT IS SO ORDERED.

DATED this 9th day of October, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge